HENRY TALLY V. THE STATE.

No. 3347. Decided December 13, 1905.

1.—Burglary—Evidence.

On a trial for burglary there was no error in permitting a State's witness to testify that about 10 o'clock on the night prior to the burglary he went to the building in question and carefully examined the lock and tried the door to see if the same was securely fastened, the court excluding his statement as to watching the house.

2.—Same—Argument of Counsel.

On a trial for burglary where the argument of the district attorney was in answer to the argument of appellant's counsel there was no error.

3.—Same—Charge of Court—Principals.

On a trial for burglary, where the evidence showed that at the time of the burglary appellant's codefendant was in the house, and appellant was standing outside and ran away from said building as the officers approached, there was no error to charge on the law of principals.

4.—Same—Charge of Court—Principals.

On trial for burglary, where there was evidence calling for a charge on principals to the effect that the defendant must be present at the time and place of the offense, and know of the unlawful intent of his confederate aiding and encouraging and advising him, or agreeing to the commission of the offense at the time, there was no error.

5.—Same—Misconduct of Jury—Reading Newspaper—Discretion of Court.

On motion for new trial, where it was shown by affidavit that one of the jurors during the retirement of the jury had read in the paper that the defendant in the case on trial had been convicted at a former day of the court, and his punishment assessed at two years in the penitentiary, and that the juror urged the defendant's conviction, but the record also showed that said juror did not make this statement until after the verdict was written, and that the court passed upon the issue of fact presented under the motion, there was no error and the verdict of the jury will not be disturbed.

Appeal from the District Court of Fannin. Tried below before Hon. Ben H. Denton.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary,

The opinion states the case.

*Tom C. Bradley* and *James H. Lyday,* for appellant.—On question of misconduct of jury: Tate v. State, 38 Texas Crim. Rep., 261; Darter v. State, 39 id., 40.

*Howard Martin,* Assistant Attorney-General, for the State.

'BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment fixed at two years confinement in the penitentiary. This is the second appeal of this case. Tally v. State, 13 Texas Ct. Rep., 699.

The second ground of appellant's motion for new trial insists that the court erred in permitting the witness Spotts to testify that about 10 o'clock the night prior to the burglary, he (Spotts) went to said building, and carefully examined the lock, and tried the door to see if the same was securely fastened. In this there was no error. The bill presenting this matter shows that the court excluded the statement to the effect that the witness was watching said house.

His third complaint is that the district attorney asked the following question of the State's witness McKee: "State whether you were watching and following said Haney, and defendant, on said night, on information received," which he answered in the affirmative. We find no bill of exceptions in the record verifying this ground of the motion.

The fourth ground of the motion is, that the district attorney on cross-examination asked defendant a question reflecting on his character and conduct after the commission of the alleged offense. The question was as follows: "When you got to Dallas, after leaving Bonham, did not you go to a house of prostitution and spend the night?" The court sustained the exception of appellant to this question.

Appellant also complains of the closing argument of the district attorney in his speech to the jury. The qualification to the third bill of exceptions presenting this matter shows that the district attorney's argument was in answer to the argument of appellant's counsel.

Appellant excepts to the following portion of the court's charge: "Any person who advises or agrees to the commission of an offense, and who is present when the same is committed, is a principal, whether he aids in the illegal act or not. The objection is that there is no evidence authorizing such a charge. We think the charge is applicable to the facts. At the time of the burglary appellant's codefendant was in the house, and appellant standing on the outside. He ran away from said building as the officers approached. This testimony would present the issue of principals. It is true that appellant insists his presence was an innocent one; but this issue was properly presented to the jury, and they found against appellant.

Appellant excepts to the following portion of the charge: "You

cannot convict defendant, unless you further believe beyond a reasonable doubt that defendant was present at the time and place such offense was committed, and that he knew of said unlawful intent of Will Haney, and aided and encouraged and advised him or agreed with him to commit such offense." Appellant excepts to this charge on the ground that there was no evidence authorizing the same. There was evidence calling for this charge. We have carefully reviewed the court's charge in the other matters complained of, and find the same properly and accurately presents all the defenses urged by appellant.

He also insists that the court should have granted a new trial on account of the misconduct of the jury. It appears that juror, J. R. Kimbrough stated to the jury, during their retirement that he had read in the paper that defendant in this case had been convicted at a former day of the court for this same offense, and his punishment assessed at two years in the State penitentiary. Appellant insists that he then and there urged that as a reason why defendant should be convicted, as appears by the affidavit of Wm. Doggett, a member of the jury. The matter here complained of is presented to this court in a long stenographic report of the evidence on the hearing of the motion for new trial, and after a careful review of it, we deduce the following: that said juror did not make the statement until after the verdict was written,—at least there was evidence before the court upon which this could be predicated. The court has passed upon the facts, and we do not see fit to disturb the finding of the court on the question.

The evidence is sufficient to support the verdict of the jury; and the judgment is affirmed.                    *Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]